**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAYRON ANIBAL CUN CHOCOJ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF ELIZABETH DETENTION CENER, *et al.*,<br><br>Respondents. | Civil Action No. 26-12718 (BRM)<br><br>**MEMORANDUM OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Bayron Anibal Cun Chocoj's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities. (ECF No. 1.) On October 4, 2026, Respondents filed an answer, arguing is lawfully detained, as he requested and has been granted voluntary departure from the United States and that Petitioner's Second Petition is an abuse of the writ of habeas corpus. (ECF No. 5.)

Petitioner, a citizen of Guatemala, entered the United States without inspection in or around May 2024. *Cun Chocoj v. Benzel*, No. 26-9755, ECF No. 6. On July 28, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. *Id.* On July 29, 2026, Petitioner signed a voluntary departure and verification of departure form, in which the Department of Homeland Security ("DHS") granted Petitioner voluntary departure on or before September 28, 2026 at the Government's expense. *Id.*, ECF No. 6-2.

On August 1, 2026, Petitioner filed his first petition for writ of habeas corpus, challenging his detention pursuant to 8 U.S.C. § 1225(b). *Id.*, ECF No. 1. Respondents answer, submitting that following DHS's grant of voluntary departure, Petitioner is no longer detained under § 1225(b).

Rather, Petitioner was granted voluntary departure under 8 U.S.C. § 1229c and 8 C.F.R. § 240.25(c) allows for his detention pending that departure. *Id.*, ECF No. 6. On September 18, 2026, the Court issued a Memorandum Opinion and Order denying Petitioner's first petition. *Id.*, ECF Nos. 8, 9. The Court denied the first petition, noting that Petitioner's challenge to his detention under 8 U.S.C. § 1225(b) is meritless as he is no longer detained under that section. *Id.* Petitioner was granted voluntary departure under 8 U.S.C. § 1229(c), and 8 C.F.R. § 240.25(c) allows for his detention pending that departure. *Id.* The Court also found that it lacked jurisdiction to review his grant of voluntary departure. *Id.*

Less than two weeks later, on September 27, 2026, Petitioner filed this Second Petition. (ECF No. 1.) Petitioner challenges his initial warrantless arrest and again challenges his grant of voluntary departure. (*See generally id.*)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

As Petitioner is currently detained after a grant of voluntary departure, any challenge to his process used in his original arrest is meritless. As explained above, Petitioner is detained under

voluntary departure under 8 U.S.C. § 1229(c), and 8 C.F.R. § 240.25(c) allows for his detention pending that departure.

Additionally, the Court lacks jurisdiction to review Petitioner's claims regarding what process he was given in agreeing to voluntarily depart. The Court lack jurisdiction to review a challenge to a grant of voluntary departure in a habeas petition. Section §1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. §1252(a)(2)(B)(ii). This would include the decision to permit voluntary departure. *See*, *e.g.*, *Eras Zumba v. Blanche*, No. 26-8192, 2026 WL 2321611 at * 1 (D.N.J. Aug. 11, 2026) (finding the Court lacked jurisdiction to review petitioner's voluntary departure agreement). Therefore, the Court lacks jurisdiction to review Petitioner's challenge to his voluntary departure agreement.

Accordingly, and for good cause appearing,

**IT IS** on this 7th day of October 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**